# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Allen Herald, | No. CV-14-02188-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before this Court is Jeffrey Allen Herald's Petition for Writ of Habeas Corpus, (Doc. 1), including his "Additional Information to Memorandum filed on 2 October 2014," (Doc. 7), (collectively, the "Petition"); Respondent's Limited Answer to Petition for Writ of Habeas Corpus, (Doc. 13); Magistrate Judge Aspey's Report and Recommendation ("R&R"), (Doc. 20); and Petitioner's Objection to Report and Recommendation, (Doc. 22). On February 23, 2015, Magistrate Judge Aspey issued his R&R recommending that the Petition be denied and dismissed with prejudice because Petitioner entered into a guilty plea waiving all habeas claims of non-jurisdictional error occurring before he entered the guilty plea; because the state appellate court did not err in finding that Petitioner was not denied his right to effective assistance of counsel and not subjected to judicial bias; and because Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state courts.

**I. Factual Background**

The R&R summarized the factual background and procedural history, and

1  Petitioner did not object to this history.  (Doc. 20 at 1–9; Doc. 22.)  The Court adopts the
2  R&R's history in this case.

3  Specifically, a grand jury indictment was returned on September 17, 2008,
4  charging Petitioner with 39 counts of fraudulent schemes and artifices, class 2 felonies,
5  and 39 counts of theft, felonies ranging from class 2 to class 6, depending on the amount
6  allegedly stolen. (Doc. 13 at Ex. A.)  Through sentencing, Petitioner had three separate
7  counsel.  (*Id*. at Ex. B–F, H–U.)  He was first represented by retained counsel, Mr.
8  Derickson, who withdrew, then by court-appointed counsel, Mr. Wallin, who was
9  replaced by Ms. Shoemaker on October 25, 2010.  On August 9, 2011, after undergoing a
10 competency evaluation at Ms. Shoemaker's request, Petitioner's trial was re-set for
11 November 7, 2011.  (*Id.* at Ex. CC.)

12 At an August 26, 2011, settlement conference, the settlement judge reviewed with
13 Petitioner the charges against him and the potential ranges of sentences.  (*Id*. at Ex. EE.)
14 The state offered a plea agreement, which provided that if Petitioner pled guilty to three
15 counts of fraudulent schemes, class 2 felonies with one prior conviction, and to five
16 additional counts of fraudulent schemes, then the remaining charges would be dismissed.
17 The offer provided that Petitioner would be sentenced to prison with a range of 10 to 20
18 years on each count of fraudulent schemes, with the court retaining discretion to decide
19 whether the sentences would run concurrently or consecutively.  The plea offer also
20 required Petitioner to receive sentences of probation for the five counts of fraudulent
21 schemes, commencing upon Petitioner's release from prison.  (*Id*. at Ex. EE, HH.)

22 The settlement conference concluded without an agreement, but was continued on
23 September 16, 2011.  After negotiation, Petitioner agreed on September 16, 2011, to
24 plead guilty to Amended Counts 1, 3, and 5, fraudulent schemes and artifices, class 2
25 felonies with one prior felony conviction, each carrying a sentencing range of 4.5 to 18.5
26 years, and to Counts 7 and 13, fraudulent schemes and artifices to be sentenced as a
27 stipulated probation tail.  (*Id.* at Ex. GG.)  The parties agreed that that the sentencing
28 judge would have discretion to decide whether the prison sentences would run

consecutively or concurrently and that Petitioner would be sentenced by Judge Granville. (*Id*. at Ex. FF.)  Petitioner changed his plea that day in a change of plea hearing. (*Id*. at Ex. GG.)

On November 18, 2011, a sentencing hearing was held in which Petitioner presented two character witnesses.  Petitioner responded to the prosecutor's argument, claiming the prosecutor's facts were inaccurate and disputing the victim's comments. After a hearing, Judge Granville sentenced Petitioner to mitigated terms of eight years' imprisonment on Counts 1, 3, and 5, with Counts 1 and 3 to run consecutively and Count 5 to run concurrent to Count 3, for an aggregate sentence of 16 years.  (*Id*. at Ex. LL.) Petitioner was sentenced to probation on counts 7 and 13.  (*Id*.)

On December 27, 2011, Petitioner filed a timely pro per Petition for Post-Conviction Relief ("PCR") and counsel was appointed.  (*Id*. at Ex. MM.)  On June 29, 2012, counsel filed notice that he was unable to find any colorable claims for relief.  (*Id*. at Ex. NN.)  On August 6, 2012, Petitioner filed a pro per PCR.  (*Id*. at Ex. OO.)  In his PCR, Petitioner alleged that he was entitled to relief because of ineffective assistance of counsel, failure of the state to provide full disclosure, and trial court error for failing to consider a motion for change of counsel before sentencing and for failing to recuse itself because the judge allegedly knew Petitioner's uncle.  Petitioner also argued that he was innocent and the evidence was insufficient to support his convictions.  (*Id*.)

On January 11, 2013, the trial court denied Petitioner's PCR.  (*Id*. at Ex. TT). Petitioner sought review by the Arizona Court of Appeals, which granted review, but denied relief. (*Id*. at Ex. XX.)  The Court of Appeals found that the ineffective assistance claims were without merit, the claim that the state made inadequate disclosure was waived, there was no evidence that Petitioner filed a motion to change counsel before sentencing, there was no evidence of judicial bias or prejudice, and the factual basis Petitioner provided at the change of plea provided a sufficient factual basis.  (*Id*.)

On October 2, 2014, Petitioner filed this Petition.  He claims he was denied the right to effective assistance of counsel, he was subjected to an illegal search and seizure,

the prosecutor and defense counsel engaged in "corruption," and the sentencing judge was corrupt and had a major conflict. (Doc. 1).

**II. R&R**

On February 23, 2015, the Magistrate Judge issued an R&R recommending that this Court deny the Petition on the grounds that Petitioner waived all habeas claims of non-jurisdictional error that occurred before his guilty plea by voluntarily pleading guilty and that the state appellate court did not err in finding that Petitioner was not denied the right to effective assistance of counsel and was not subjected to judicial bias. The R&R also found that Petitioner's Fourth Amendment claim is not cognizable because Petitioner had a full and fair opportunity to litigate that claim in the state courts. (Doc. 20 at 17–26.)

Starting with the waiver of claims, the Magistrate Judge explained that a defendant's voluntary and knowing guilty plea bars federal habeas relief based on pre-plea non-jurisdictional constitutional claims. (*Id*. at 17 (citing *Haring v Prosise*, 462 U.S. 306, 319–20 (1983)).) The Magistrate Judge then noted that Petitioner's after-the-fact claims that he was incorrectly advised about the consequences of his plea are not clear and convincing evidence that can overcome the weight of his contemporaneous statements about his understanding of the plea agreement. (*Id*. at 18.) The Magistrate Judge found that federal habeas relief is precluded for Petitioner's claims of ineffective assistance of counsel that allegedly occurred before his guilty plea and for his allegation that he was denied his Fourth Amendment rights in the investigation of the alleged crimes.

The Magistrate Judge found that any claims of ineffective assistance of counsel that are not precluded by Petitioner's plea of guilty are without merit. (*Id*. at 19.) The Magistrate Judge analyzed Petitioner's ineffective assistance of counsel claims applying the *Strickland v. Washington* standard. *See* 466 U.S. 668, 687 (1984). The Magistrate Judge found that the Arizona Court of Appeals' decision—that Petitioner was not prejudiced by his counsel's alleged prediction of the sentence because the trial court

1    clearly and repeatedly alerted Petitioner to the potential consequences of his guilty plea—
2    was not clearly contrary to nor an unreasonable application of *Strickland* and *Hill v.*
3    *Lockart,* 474 U.S. 52 (1985).  (*Id*. at 19–20.)

4    As to the Fourth Amendment claim, the Magistrate Judge found that such a claim
5    is not cognizable if the Petitioner had a full and fair opportunity to raise the claim in the
6    state courts.  (I*d*. at 21 (citing *Stone v. Powell*, 428 U.S. 465, 482, 493 (1976)).)  The
7    Magistrate Judge found that, because the record of the state court proceedings showed
8    that Petitioner had a full and fair opportunity to litigate the issue, to the extent that the
9    claim is not precluded, the Court should not review the merits of the claim pursuant to
10   *Stone*.  (*Id*. at 22.)

11   The Magistrate Judge found that Petitioner's claim of prosecutor and defense
12   counsel corruption was not properly exhausted in the state courts.  (*Id*. at 22.)  Petitioner
13   argued in state court that his counsel had not obtained, nor had the state furnished, the
14   evidence seized from his office.  But those arguments were presented in state court as an
15   ineffective assistance of counsel claim and a *Brady* claim.  Here, the argument is one of
16   collusion where Petitioner claims his counsel agreed to give him up to reach plea
17   agreements in other cases with the prosecutor.  The Magistrate Judge dismissed the
18   evidence Petitioner used to support his claim of prosecutor misconduct—a letter from a
19   purported investigator—because it was not verified, notarized, or signed.  (*Id*. at 22.)  The
20   Magistrate Judge found that Petitioner had not produced clear and convincing evidence
21   that he was prejudiced by the state court's failure to consider a claim of prosecutorial
22   misconduct.  (*Id*. at 22).  The Magistrate Judge further found that the claims that the
23   prosecutor negotiated a nefarious deal with Petitioner's counsel and withheld material in
24   violation of *Brady* amounted to non-jurisdictional pre-plea errors, which were waived by
25   Petitioner's guilty plea. (*Id*. (citing *Tollett v. Henderson,* 411 U.S. 258 (1973)).)

26   The claim that the sentencing judge was corrupt and had a major conflict because
27   he was a great friend of Petitioner's uncle was found by the Magistrate Judge not to be
28   cognizable.  The Magistrate Judge found that the Arizona Court of Appeals' decision

denying the claim of judicial bias was not clearly contrary to nor an unreasonable application of federal law. (*Id*. at 23–24.) The Magistrate Judge found that Petitioner's assertions that the trial judge smiled and made unwelcome comments failed to present a viable claim of constitutionally impermissible judicial bias. (*Id*. at 25 (citing *Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)).)

**III. Review of an R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

**IV. Petitioner's Objections**

On March 10, 2015, Petitioner filed an Objection to the R&R. The objections raise new claims and re-urge the arguments made in the Petition.

**A. Ineffective Assistance of Counsel**

The first of Petitioner's numerous arguments under this section is that his plea was not intelligently and voluntarily made because counsel made false promises to him and provided him with misinformation when she told him he would receive no more than seven or eight years. That argument was raised by Petitioner in his the state court PCR and rejected by the Arizona Court of Appeals, which pointed out in its decision that:

> At the change of plea hearing, the trial court explained the terms of the plea agreement to Herald, including the full range of sentence he faced and the fact there was no agreement regarding whether his sentences would be concurrent or consecutive. Herald told the court he had reviewed the plea agreement with his attorney, he understood the full range of sentences he faced, he read and understood every paragraph of the agreement, that no one had forced or threatened him to accept the plea and that no one had promised him anything that did not appear in the plea agreement.

(Doc. 13 at Ex. XX at 128–29.)

To the extent that this argument is not precluded by Petitioner's guilty plea, it is meritless. The Arizona Court of Appeals' decision, which denied relief on the ineffective

assistance of counsel claim, properly applied the *Strickland* standard and was not clearly contrary to nor an unreasonable application of federal law.

In his next objection, with no citation to the record, Petitioner argues new facts. Although he failed to present this argument to the state trial court, he claimed in his PCR to the Arizona Court of Appeals and in his Petition that his attorney lied when she gave the factual basis. In his Objection, he argues, for the first time, that his attorney told him to lie to the judge when asked if any promises were made to him to get him to plead guilty. (Doc. 22 at 5.) Petitioner argues that this issue "is not prior to or classified as pre-plea . . . ." (*Id.*)

For over 100 years, it has been settled that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The exhaustion doctrine is codified at 28 U.S.C. § 2254, which provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Case law has clarified that in order to "exhaust" state court remedies, a petitioner's federal claims must have been "fully and fairly presented" in state court. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To "fully and fairly present" a federal claim, a petitioner must present both (i) the operative facts and (ii) the federal legal theory on which his or her claim is based. *See Gray v. Netherland,* 518 U.S. 152, 162–63 (1996) (claims for relief in habeas corpus must reference "a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014) ("To fairly present a federal claim, a state prisoner must present to the state courts both the operative facts and the federal legal theories that animate the claim."). This test turns on whether a petitioner "explicitly alerted" a state court that he or she was making a federal constitutional claim.

*Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1204–05 (9th Cir. 2005). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citations omitted); *see also Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001) (federal basis of a claim must be "explicit either by citing federal law or the decisions of federal courts, even if the federal basis is 'self-evident' or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds") (citations omitted); *Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005) (stating that a petitioner must plead the federal nature of a claim with considerable specificity).

Because Petitioner did not challenge in Arizona state court whether his plea agreement was knowing and voluntary based on these newly alleged facts—that his counsel allegedly told him to lie about promises made to him—his claim based on these new facts is not cognizable. This claim is procedurally defaulted. Petitioner failed to present this claim to all levels of the state court as a federal constitutional claim and Arizona's procedural rules will not permit Petitioner to return to state court and exhaust the claim in a subsequent PCR. *See* Ariz. R. Crim. P., Rule 32.2(a)(3).

To the extent that this argument is not precluded by failure to exhaust state court remedies, it is precluded by Petitioner's guilty plea. As the Arizona Court of Appeals pointed out, "Herald told the [trial] court . . . no one had promised him anything that did not appear in the plea agreement." (Doc. 13 at Ex. XX at 128–29). This is not a colorable claim of ineffective assistance, and, to the extent that an argument based on these facts was raised in the state court, the Arizona Court of Appeals' decision denying relief was not clearly contrary to nor an unreasonable application of federal law.

In his Objection, Petitioner next raises the argument that counsel was ineffective for advising him to plead guilty without having received full discovery from the state or interviewed the witnesses. A knowing and voluntary guilty plea bars federal habeas relief based on pre-plea non-jurisdictional constitutional claims. *See Haring v. Prosise*,

1 462 U.S. 306, 319–20 (1983). The transcripts of the settlement conferences reveal a thorough discussion of the sentencing ranges Petitioner faced, and the plea colloquy reveals that the court gave a thorough explanation of the sentences that could be imposed and the rights that Petitioner was giving up and clearly stated that no one made promises to the Petitioner that did not appear in the written plea agreement. The state court found that Petitioner's plea was voluntary and knowing, and this finding is entitled to a presumption of correctness by a federal habeas court. *See Lambert v. Blodgett*, 393 F.3d 943, 982 (9th Cir. 2004).

Federal habeas relief is precluded with regard to Petitioner's pre-plea claims of ineffective assistance of counsel because Petitioner entered a knowing and voluntary guilty plea. To the extent that these claims are not precluded by the guilty plea, the state court's decision that Petitioner was not denied his right to the effective assistance of counsel was not clearly contrary to nor an unreasonable application of *Strickland* and *Hill*.

Petitioner argues that Exhibit C to his Objection, a minute entry order of the trial court dated 06/02/2011, wherein the state was ordered to "disclose the materials from the defendant's home office computer, unless it already has," establishes his ineffective assistance of counsel claim. However, as the Arizona Court of Appeals noted, Petitioner's claim ultimately fails because Petitioner did not identify specific materials defense counsel failed to obtain, made no offer of proof that the state possessed relevant information that it did not disclose, and offered no explanation how any undisclosed information would have benefited his defense. Petitioner's claim is mere speculation and fails to satisfy the showing required by *Strickland* to affirmatively prove prejudice. *See* 466 U.S. at 693.

Petitioner next argues that counsel was ineffective at sentencing by not disputing alleged errors in the prosecution's sentencing memorandum and not interviewing victims or receiving files from the prosecution to dispute the victims' claims. This issue was litigated in state court, where the Arizona Court of Appeals found, "Because Herald does

not identify any mitigating factors counsel failed to present and does not identify any viable defense counsel failed to prepare, Herald has failed to present colorable claims." (Doc. 13 at Ex. XX at 128.) The Arizona Court of Appeals' decision denying relief on Petitioner's allegation that he was denied his right to the effective assistance of counsel at sentencing was not clearly contrary to nor an unreasonable application of federal law.

Petitioner raises for the first time, in his Objection, (Doc. 22 at 6), a claim that his criminal record was materially misstated by the prosecutor at sentencing and that his attorney failed to address or dispute the errors. Because Petitioner did not challenge in Arizona state court the effectiveness of his counsel based on these newly alleged facts, his claim based on these new facts is not cognizable. Petitioner failed to exhaust his state court judicial remedies. Further the court will not consider facts, claims, or issues raised for the first time in an Objection to an R&R. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.").

### B. Illegal Search and Seizure/Due Process

Petitioner argues that on November 10, 2014, he learned that there were several audio tapes of interviews conducted by the County Attorney's office. Petitioner also states that files were taken or stolen (apparently by Petitioner's customers) from his office and given to the County Attorney's office. Petitioner claims that the County Attorney's office should have obtained a warrant for these files. Petitioner argues that the failure to disclose the information contained in the files to his attorney amounts to a *Brady* violation, which affected him at sentencing.

Federal habeas relief is precluded with regard to Petitioner's pre-plea claims because Petitioner entered a knowing and voluntary guilty plea. Although Petitioner now renames these claims, they were addressed as a lack of disclosure in the state court. The Arizona Court of Appeals stated, "Herald argues the State did not provide full disclosure. Herald waived this issue when he pled guilty." (Doc. 13 at Ex. XX at 129.) The Court in

*Tollett* described the waiver as follows:

> We thus reaffirm the principle recognized in the *Brady* trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

411 U.S. at 267.

Even if there was no waiver, there has been no showing that, had Petitioner wished to raise this claim as a Fourth Amendment claim in state court, he would have been unable to do so. A Fourth Amendment claim is not cognizable in a federal habeas action if the petitioner had a "full and fair" opportunity to raise the claim in the state courts. *Stone v. Powell*, 428 U.S. 465, 482, 493 (1976).

### C. Corruption between Defense Counsel and Prosecutor

Petitioner next argues that the unsworn and unsigned report, (Doc. 13 at Ex. WW at 120–22), allegedly from his investigator, Joseph Kalcantu of Houston, Texas, is evidence of prosecutorial misconduct—namely, a corrupt deal between the prosecutor and both Mr. Wallin and Ms. Shoemaker (Petitioner's plea and sentencing counsel) "on other clients in order to sacrifice Mr. Herald's case to the County Attorney's Office." (*Id.* at 121). Petitioner argues in his Objection that, because Mr. Kalcantu explained why he did not sign the report, the Magistrate Judge erred in not considering it. According to Petitioner, Mr. Kalcantu explains, "I never put my signature on any report going into a correctional facility, as in the past problems have occurred where my signature showed up on other documents without my approval or knowledge. My report is good enough for the Governor's Office in Texas and other states, also good enough for the Dept. Of Justice." (Doc. 22 at 9–10.)

Assuming Mr. Kalcantu's unsigned and unsworn letter is "good enough" for other states, Texas, and the Department of Justice, it does not meet the requirements for a PCR in Arizona. The Arizona Rules of Criminal Procedure require that sworn affidavits

- 11 -

supporting the allegations of the petition be attached to the PCR. The Ninth Circuit has recognized this requirement. *See West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010) ("We also note that, contrary to the requirements of Arizona Rule of Criminal Procedure 32.5, West failed to support his requests for a hearing with sworn affidavits.")

In his Petition, Petitioner states that he presented the report of Mr. Kalcantu in support of his ineffective assistance of counsel and *Brady* claims in the Court of Appeals. However, Petitioner did not present this claim to the state trial court or appellate court during his PCR proceedings. He is raising this theory of prosecutorial misconduct and collusion with defense counsel for the first time in his Petition. He failed to exhaust his state court remedies. Petitioner has neither explained why this theory was not previously argued nor shown prejudice arising from this default. This claim is procedurally defaulted because it was not properly presented at all levels of the state courts, it was not presented to state courts as a federal constitutional claim, and Arizona's procedural rules will not allow a return to state court to exhaust the claim in a subsequent PCR proceeding. *See* Ariz. R. Crim. P., Rule 32.2(a)(3).

The unsigned and unsworn report of Mr. Kalcantu cannot be considered as providing facts upon which the Court can rely in rendering a decision. It has no evidentiary value. Even if he were to argue that he presented the claim in state court, Petitioner has not met his burden of establishing by clear and convincing evidence that he was prejudiced by the state court's failure to consider his new claim of prosecutorial misconduct. Finally, because this new prosecutorial misconduct claim involves a non-jurisdictional pre-plea claim of error, it was waived when Petitioner pled guilty. *See Tollett,* 411 U.S. at 267.

**D.  Corruption and Major Conflict of Sentencing Judge**

In his final objection, Petitioner argues that the Magistrate Judge erred in failing to consider the letter allegedly from his uncle, Frank Stallcup. The letter states the sentencing judge and Stallcup are longtime friends and that, at Stallcup's request and as a favor to Stallcup, the sentencing judge threw the book at Petitioner. The Magistrate

1  Judge did not err when he found that the letter, which is not notarized or sworn, is of no
2  evidentiary value.

3        Further, Petitioner did not raise this theory of a judicial misconduct to the state
4  trial court in his PCR proceedings.  He had previously claimed judicial misconduct
5  alleging that the sentencing judge made derogatory comments about Petitioner and
6  smiled at Petitioner and his wife during the sentencing proceeding and that the judge was
7  biased simply because he allegedly knew his uncle.  As to the claim that the judge knew
8  his uncle, the Court of Appeals concluded that Petitioner had failed to support his judicial
9  bias claim and failed to demonstrate any potential prejudice:  "Herald also claims the
10 sentencing court should have recused itself because the court allegedly knew Herald's
11 uncle.  We deny relief on this issue because Herald offers no evidence the court knew
12 Herald's unidentified uncle and he does not otherwise explain how he suffered any
13 prejudice even if the court did know his uncle."  (Doc. 13 at Ex. XX.)

14       Petitioner failed to exhaust his state court remedies.  Petitioner has neither
15 explained why it was not previously argued nor shown prejudice arising from this default.
16 This claim is procedurally defaulted because it was not properly presented at all levels of
17 the state courts, it was not presented to state courts as a federal constitutional claim, and
18 Arizona's procedural rules will not allow a return to state court to exhaust the claim in a
19 subsequent PCR proceeding.  *See* Ariz. R. Crim. P., Rule 32.2(a)(3).

20       To the extent that Petitioner raised the same judicial bias claim in his PCR that
21 that he is now raising, the Arizona Court of Appeals found that Petitioner failed to
22 support his claim of judicial bias and failed to show prejudice.  (Doc. 13 at Ex. XX.)
23 That decision was not clearly contrary to nor an unreasonable application of federal law.

24 **IV.  Conclusion**

25       Based on the forgoing,

26     **IT IS ORDERED** that the Report and Recommendation, (Doc. 20), is accepted
27 and adopted; Petitioner's Objections, (Doc. 22), are overruled; the Petition in this case is
28 denied with prejudice; and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, and pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court denies issuance of a certificate of appealability.

Dated this 13th day of April, 2015.

Douglas L. Rayes
United States District Judge